# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) JAY BOLGREN,** | )<br>) |
| Plaintiff, | ) CIV-15-895-W<br>) |
| vs. | )<br>) |
| | ) **VERIFIED COMPLAINT** |
| **(1) PORTFOLIO RECOVERY ASSOCIATES, LLC,** | ) **(Unlawful Debt Collection Practices)**<br>) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PLAINTIFF'S VERIFIED COMPLAINT

NOW COMES Plaintiff, Jay Bolgren, and for the Verified Complaint against Defendant, Portfolio Recovery Associates, LLC, alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against Portfolio Recovery Associates, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Oklahoma City, County of Oklahoma, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C.

1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Norkfolk, VA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about July 16, 2015, Defendant sent a letter to Plaintiff regarding an old account allegedly assigned to Defendant by Comenity Bank, with an alleged account balance of $357.52.

12. On August 4, 2015, Plaintiff sent a letter to Defendant advising Defendant that his only source of income was social security and that he refused to pay the alleged debt pursuant to 15 U.S.C. 1692c(c).

13. Defendant received Plaintiff's correspondence on August 10, 2015.

14. However, on August 18, 2015, Defendant called Plaintiff from 620-860-0784. No message was left by Defendant when Plaintiff did not answer the call. When Plaintiff returned the call to determine who was calling him, an employee of Defendant provided an account balance and attempted to collect the same debt that Plaintiff had refused to pay in writing.

15. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of aggravating Plaintiff's Bipolar disorder, anxiety and depression, causing Plaintiff panic attacks and loss of sleep, and causing Plaintiff feelings of being overwhelmed and worry.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that he refused to pay the alleged debt.

**WHEREFORE**, Plaintiff, Jay Bolgren, respectfully prays that judgment be entered against Defendant, Portfolio Recovery Associates, LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
2291@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA        )
                         )   ss.
COUNTY OF OKLAHOMA       )

Plaintiff, Jay Bolgren, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Jay Bolgren, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

_____                    _____
Date                                          Jay Bolgren,
                                              Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA            )
                             ) ss.
COUNTY OF OKLAHOMA           )

Plaintiff, Jay Bolgren, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Jay Bolgren, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

_8-18-15_  
Date

_Jay Bolgren_ (signature)  
Jay Bolgren,  
Plaintiff

VERIFIED COMPLAINT                                                             5